DOMINICK IOCOBELLI, PLAINTIFF-APPELLEE, v. NIAGARA FIRE INSURANCE COMPANY, INCORPORATED, DEFENDANT-APPELLANT.

Decided November 4, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Milton M. Unger* (*Leonard J. Emmerglick,* of counsel).

For the respondent, *Harry R. Rinsky* (*Samuel Wollman,* of counsel).

PER CURIAM.

The facts, as developed by the testimony taken in the cause, before the judge of the District Court sitting without a jury, are, in substance, as follows: The plaintiff-appellee was the owner of an automobile. On March 4th, 1928, the appellant's son, with the consent of his father, drove the automobile to his sister's house at No. 123 Park avenue, Newark. This was about eleven-thirty o'clock in the morning. He parked the car on the right-hand side of the street in front of his sister's house, and locked it, and at the time observed another car parked in front of it, at a distance of twenty or twenty-five feet away.

At about one o'clock he left his sister's house, and discovered the car was not where he had left it, and upon investigation, found it two blocks away, on the left-hand side of the street, smashed against a tree.

Before he entered his sister's house he locked the car. Upon examination of the car he discovered blood on top of the radiator, and "the outside door was forced out," and that "the lock was forced out, and the other lock on the car was locked." It further appeared, that the lock of the right door of the car had been tampered with.

The plaintiff-appellee had a policy of insurance in the appellant-company, in which the automobile in question was insured among other things, against damage, by reason of theft, robbery and pilferage.

The appellant, denying its liability; the plaintiff-appellee brought an action against it in the said District Court, to recover compensation for the damage done to the automobile, which action resulted in a judgment for the plaintiff-appellee, against the defendant company, for the sum of $500 with costs.

There was a motion for a nonsuit and a motion for a finding for the appellant, upon the ground that there was no proof of larceny committed, and hence, the damage sustained by the car was not the result of any theft.

The trial judge overruled both motions. This judicial action was proper, since it is manifest from the facts in the case that the car had been removed by someone from the place where it had been parked; that the lock of the door had been tampered with, and these circumstances by themselves give rise to a reasonable inference that a theft was being perpetrated, but was frustrated by the car coming in contact with a tree or pole.

Judgment is affirmed, with costs.